Mike Arias, Esq. (CSB #115385)
Alfredo Torrijos, Esq. (CSB #222458)
Christopher D. DiPietro, Esq. (CSB #274128)
**ARIAS OZZELLO & GIGNAC LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670 1231

Counsel for Plaintiff and
the Proposed Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SWIDRON, an individual; on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACE CASH EXPRESS, INC.; a Texas Corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. **CV12-09962 GW (Ex)**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

FILED
12 NOV 20 PM 3:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**CLASS ACTION COMPLAINT**

Plaintiff Sarah Swidron ("Plaintiff"), individually and on behalf of the Class described below, by her attorneys, makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff and her counsel, which are based on personal knowledge. Plaintiff brings this action for damages and injunctive relief against defendant Ace Cash Express, Inc. demanding a trial by jury.

## INTRODUCTION

1. Plaintiff brings this class action against Ace Cash Express, Inc. ("Defendant") to recover damages and other relief available at law and in equity on behalf of herself as well as on behalf of the members of the following class:

> *All persons in the United States who received a non-emergency telephone call or short message service ("SMS") message from Ace Cash Express, Inc. and/or affiliates or subsidiaries of Ace Cash Express, Inc. to a cellular telephone through the use of an automatic dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.*

2. This action arises from Defendant's practice of negligently, knowingly and/or willfully contacting Plaintiff and other members of the proposed class members via their cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d) in that this is a civil action filed under Rule 23

of the Federal Rules of Civil Procedure, members of the plaintiff class are citizens of a State different from Defendant, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (6).

4. The matter in controversy exceeds $5,000,000 because each member of the proposed Class is entitled to up to $1,500 in statutory damages for each call and SMS message that was made in violation of the TCPA. On information and belief, Plaintiff asserts that the Class consists of thousands of members who, in the aggregate, received tens-of-thousands of telephone calls and SMS messages in violation of the TCPA.

5. Plaintiff is a resident and citizen of the State of California. Defendant is a citizen of Texas because it is a Texas corporation with its principle place of business in Texas. Therefore, at least one Class member is a citizen of a state different from Defendant.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) in that a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

**PARTIES**

7. Plaintiff, Sarah Swidron, is a resident of Orange County, California.

8. Defendant Ace Cash Express, Inc. is, and at all times mentioned herein was a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 1231 Greenway Drive, Suite 600, Irving, Texas 75038.

**CLASS ACTION COMPLAINT**

## FACTUAL ALLEGATIONS

9. Founded in 1968 and headquartered in Irving, Texas, Defendant Ace Cash Express, Inc. is the largest owner, operator and franchiser of retail financial service stores in the United States, with a more than 1,700 company-owned and franchised ACE Cash Express and ACE Cash Advance stores throughout the US. Defendant's stores are typically found in strip malls, in free-standing buildings on busy streets, and in kiosks within retail stores. Defendant provides check cashing, check disbursement, wire transfer, and money order services, loan, credit and insurance agency services, and tax preparation services.

10. Plaintiff has never had a business relationship with Ace Cash Express, Inc. or any of its affiliates or subsidiaries. At no point did Plaintiff provide Ace Cash Express, Inc. (or any of its affiliates or subsidiaries) with her cellular telephone number or give Ace Cash Express, Inc. (or any of its affiliates or subsidiaries) express consent to call or send SMS messages to Plaintiff on her cellular telephone.

11. On or about August 21, 2012, Defendant caused to be transmitted the following SMS message to Plaintiff's cellular phone:

> ACECash: Your loan pymt is due 08/24/2012 Reply MYBAL for pymt amts & options. Questions? Call 818-757-7401 Thx for choosing ACE. Reply STOP to Stop

12. Just as she had done dozens of times before, Plaintiff replied to the SMS message that Defendant sent on August 21, 2012, with "STOP." Plaintiff then received the following SMS message: "ACECash: For help visit www.acecashexpress.com/sms or call 972-550-5112. Msg&data rates may apply-max 4 msgs/mo."

CLASS ACTION COMPLAINT

13. Defendant has repeatedly caused to be transmitted SMS messages to Plaintiff's cellular phone substantially similar to the above quoted SMS messages sent on August 21, 2012. For example – and although far from exhaustive – Defendant sent SMS messages like the ones sent August 21, 2012 to Plaintiff's cellular phone on the following dates: June 27, 2012, July 11, 2012, August 7, 2012, September 4, 2012, September 18, 2012, and October 2, 2012.

14. Plaintiff repeatedly asked Defendant to stop sending her SMS messages both by sending "STOP" in response to Defendants' SMS messages and by calling Defendant to inform Defendant that she did not have any business relationship with Defendant and did not want to receive SMS messages from Defendant. Despite her repeated requests, Defendant continued to send Plaintiff SMS messages.

15. The SMS messages sent by Defendant occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

16. The telephone number that Defendant used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. The SMS messages sent by Defendant constituted a call not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff did not provide "express consent" or any other form of consent allowing Defendant to place telephone calls or send SMS messages to Plaintiff's cellular phone.

19. The SMS messages sent by Defendant to Plaintiff violated 47 U.S.C. § 227(b).

## CLASS ALLEGATIONS

20. Plaintiff bring this nationwide class action on behalf of herself and a Class defined as follows:

> *All persons in the United States who received a non-emergency telephone call or short message service ("SMS") message from Ace Cash Express, Inc. and/or affiliates or subsidiaries of Ace Cash Express, Inc. to a cellular telephone through the use of an automatic dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls.*

21. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

22. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

23. Plaintiff and the Class bring this action pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil Procedure.

24. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. Plaintiff does not presently know the exact number of class members. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the Class consists of thousands of members, the identity of whom is within the knowledge of and can be ascertained by Defendant's records. Further, members of the class are so numerous and geographically dispersed across the United States – and even within the State of California – that joinder of all members is impracticable.

While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

25. <u>Common Questions of Law and Fact Predominate</u>: Defendant has acted, with respect to the Class, in a manner generally applicable to each class member. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all class members. There are many questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members. The questions of law and fact common to the Class – and which predominate over any questions affecting only individual members – include, but are not limited to, the following:

    a.    Whether Defendant made non-emergency calls or sent SMS messages to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b.    Whether Defendant can meet its burden to show it obtained prior express consent to place the calls complained of herein;

    c.    Whether Defendant can meet its burden to show it had a prior established business relationship with recipients of the calls complained of herein; and

    d.    Whether Defendant's conduct was knowing and/or willful.

26. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been

similarly affected by Defendant's common course of conduct since they all received one or more a non-emergency telephone calls or SMS messages from Defendant to a cellular telephone through the use of an automatic dialing system or an artificial or prerecorded voice even though they did not provide prior express consent for such calls or SMS messages.

27. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is committed to prosecuting this action and has retained competent counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interests adverse to those of the Class. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

28. <u>Superiority of a Class Action</u>: Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties and the court system for resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Class. Furthermore, for many, if not most, class

CLASS ACTION COMPLAINT

members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

29. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

30. Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# [47 U.S.C. §§ 227 ET SEQ.]

31. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

32. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. §§ 227, et seq.

33. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## [47 U.S.C. §§ 227 ET SEQ.]

35. Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

38. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

1. Certification of the proposed class and notice thereto to be paid by Defendant;

2. Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3. $500.00 in statutory damages for each and every negligent violation of the TCPA;

4. Treble damages, as provided by the statute, of up to $1,500.00 for

each and every willful and/or knowing violation of the TCPA;

4. For an injunction prohibiting Defendant's violation of the TCPA in the future;

8. Costs of the proceedings herein;

9. Reasonable attorneys' fees; and

10. Any and all such other and further relief that this Court may deem just and proper.

Dated: November 16, 2012         **ARIAS OZZELLO & GIGNAC LLP**

By: _____
Mike Arias
Alfredo Torrijos
Christopher D. DiPietro

Attorneys for Plaintiff
and the proposed class

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

Dated: November 16, 2012

**ARIAS OZZELLO & GIGNAC LLP**

By: _____
Mike Arias
Alfredo Torrijos
Christopher D. DiPietro

Attorneys for Plaintiff
and the proposed class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

### CV12- 9962 GW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
ARIAS OZZELLO & GIGNAC LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Counsel for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH SWIDRON, an individual; on her own behalf and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>ACE CASH EXPRESS, INC.; a Texas Corporation; and Does 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-09962** (W(Ex))<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Arias, Ozzello & Gignac, LLP_____, whose address is _6701 Center Drive West, Suite 1400, Los Angeles, California 90045_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: NOV 20 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SARAH SWIDRON, an individual; on her own behalf and on behalf of all others similarly situated, | ACE CASH EXPRESS, INC.; a Texas Corporation; and Does 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ARIAS, OZZELLO & GIGNAC, LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, CA 90045 (310-670-1600) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. §§ 227 et Seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-09962

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) 
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SARAH SWIDRON, Orange County | CLASS MEMBERS, more than 2/3 in States other than California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | ACE CASH EXPRESS, INC., Dallas County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date November 19, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |